IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENINSULA COMPONENTS, INC.** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 25-349** |
| | : | |
| **PENN ENGINEERING &** | : | |
| **MANUFACTURING CORP.** | : | |

### ORDER

This 21st day of October, 2025, it is hereby **ORDERED** that Peninsula's Motion to Compel Depositions, ECF 39, is **GRANTED** in part. PEM's general counsel, Dennis Shea, shall appear for deposition to answer permissible questions about his knowledge of and involvement in the posting of the videos of trial testimony that are at the core of this case.

PEM's CEO Pete George and PEM's Board chair as of as of December 2024 need not appear. Putting aside the issue of whether the Court of Appeals will endorse the "apex" doctrine as an appropriate method of resolving discovery disputes, *see, e.g.*, *United States v. Medtronic, Inc.*, No. CV 15-6264, 2018 WL 11145992 (E.D. Pa. Oct. 26, 2018); *In re Tylenol (Acetaminophen) Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 2:13-MD-02436, 2014 WL 3035791 (E.D. Pa. July 1, 2014), I am persuaded that under general principles of proportionality, relevant information can be obtained by means "more convenient, [and] less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i). PEM does not dispute posting the videos; high level managers were involved in the decision to do so; and it is self-evident that PEM sought a competitive advantage from such posting. Against that background, depositions of the CEO and former Board Chair are unwarranted.

    /s/ Gerald Austin McHugh
United States District Judge