**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENINSULA COMPONENTS, INC.** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-349** |
| | : | |
| **PENN ENGINEERING &** | : | |
| **MANUFACTURING CORP.** | : | |

**McHUGH, J.**                                                                                      **May 14, 2026**

## <u>MEMORANDUM</u>

This memorandum addresses Plaintiff's pending Motion for Sanctions, ECF 71, and

Defendant's Motion to Quash Third-Party Subpoenas, ECF 84.  As a threshold matter, I endorse

the view of my predecessor in the related action that a discovery motion "is not the proper avenue

to challenge the merits of a claim or defense." *Penn Eng'g & Mfg. Corp. v. Peninsula Components,*

*Inc.,* No. 2:19-00513, 2023 WL 4139375, at *1 (E.D. Pa. June 22, 2023).[1]  I therefore give little

weight to the parties' respective views of the merits.

I first address the Motion for Sanctions. Analyzing the issue purely from the perspective

of the proper scope of discovery, Peninsula has the stronger argument.  First, to a substantial

degree, Plaintiff's entitlement to this information was addressed by my previous order compelling

discovery. Second, I am persuaded that Penn Engineering's true customers are not its network of

distributors, but the end users who purchase PEM products from those distributors. Third, upon

review of the detailed monthly distributor data Defendant previously produced, ECF 71-12, albeit

not broken out by subsequent purchaser, it is apparent that Penn Engineering can access highly

detailed data, and not at all apparent why it lacks the capability to provide similar detail as to

---

[1] There, ironically, it was it was Penn Engineering moving to compel, and Peninsula arguing the merits in resisting discovery.

ultimate users. Indeed, from a marketing perspective, it would seem that it would need such data. Finally, although the Court is not attacking the veracity of Defendant's affiant, given the observations above, some explanation beyond a conclusory affidavit is required. And Defendant's offer to allow Plaintiff's expert to review records on computer terminals strongly suggests that the data requested can be accessed, which in turn begs the question of why it cannot be produced.

The sanction requested is extreme. The parties are instead instructed to proceed with the 30(b)(6) deposition of the appropriate Penn Engineering witness, who must, without any attempt at evasion, give a fulsome explanation of what relevant end user information is in the possession of the company and in what forms it can be produced. The request for counsel fees is held in abeyance until completion of that deposition.

Turning to the Motion to Quash Third-Party Subpoenas, the burden on Penn Engineering is minimal, in that only records are requested; there is no need for counsel to appear at a deposition. Given that, Defendant's proportionality arguments do not carry great weight. In practical terms, as Plaintiff points out, one distributor, Mouser, was easily able to comply once the request was clarified in an email exchange. There is ample precedent that only the recipient of a subpoena has standing to raise undue burden, *see Green v. Cosby*, 314 F.R.D. 164, 173 (E.D. Pa. 2016) (collecting cases), and Defendant's own submission citing objections from its distributor Enfasco makes clear that the recipients here are capable of protecting their rights. With respect to the proprietary nature of the information, the protective order in place should suffice, and in any case the companies subpoenaed can separately address those concerns with Peninsula. Plaintiff's approach may not be the most efficient or practical, but to the extent that Penn Engineering proves to be correct that it cannot provide the information sought, Peninsula's choice to issue subpoenas may represent the only path forward.

Penn Engineering clearly expects Plaintiff's case to wither at summary judgment, and so it may, but this matter is not bifurcated, and the Court cannot simply presume that discovery on damages is unnecessary.  The Motion to Quash will therefore be denied.

   /s/ Gerald Austin McHugh
United States District Judge